UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

MARC BODNER,

                Plaintiff,

   -against-

RUDOLPH LOWY, POP SOLUTIONS, LLC,
t/a PING MOBILE, REGISOFT SOLUTIONS,
REGISOFT, LTD., PING MOBILE, LTD.,
PING MEDIA GROUP, INC. AND
POP GLOBAL MEDIA, INC.,

                Defendants.

---------------------------------------------------------X

Civil Action No. 09-Civ.10233
(LTS)

PROPOSED ORDER
AND JUDGMENT

Swain, J

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 19 OCT 2010

      WHEREAS plaintiff MARC BODNER (hereinafter, "Plaintiff" or "Bodner") commenced this action against defendants RUDOLPH LOWY, POP SOLUTIONS, LLC, t/a PING MOBILE, REGISOFT SOLUTIONS, REGISOFT, LTD., PING MOBILE, LTD., PING MEDIA GROUP, INC. and POP GLOBAL MEDIA, INC. (hereinafter, collectively, the "Defendants") on December 16, 2009 with the filing of a Complaint;

      WHEREAS, counsel has appeared on behalf of all of the Defendants;

      WHEREAS, on March 9, 2010, the parties executed an Agreement to Submit to Arbitration before a Rabbinical Court;

      WHEREAS, thereafter, arbitration proceedings were held under the auspices of the Rabbinical Court before Rabbi Mordechei Babad, Rabbi Arye Mordechei Rabinowitz and Rabbi Gershen Naftali Speigel in New York, New York;

      WHEREAS, the arbitration proceeding before the Rabbinical Court addressed all of the parties' claims and defenses in the action herein;

WHEREAS, on August 31, 2010, the Rabbinical Court rendered an Award in Hebrew, which adjudicated the matters of dispute between the parties, which is annexed hereto as Exhibit A;

WHEREAS, on September 16, 2010, the parties were provided with a Certified Translation of the Rabbinical Court Award, which is annexed hereto as Exhibit B;

WHEREAS, the Rabbinical Court Award ordered the following:

   a.  That the Defendants pay the Plaintiff $183,750.00 plus *Heter Isske* interest-bearing loan at 0.6% monthly (not compounded), for a total payment of $192,412.50;

   b.  That, of the $183,750.00 to be paid to the Plaintiff, $108,750.00 is owed by the corporate Defendants and $75,000 is owed personally and guaranteed by Defendant Rudolph Lowy;

   c.  That the total payment amount shall be made in monthly installments according to the schedule annexed hereto as Exhibit C. Defendants shall make the first payment of $30,000 on October 1, 2010, sixteen monthly payments of $10,000 on the first of each month from November 1, 2010 through February 1, 2012, and a final payment of $2,412.50 on March 1, 2012;

   d.  That the payments shall be credited toward the amounts owed by the corporate Defendants first, with the payments owed personally and guaranteed by Defendant Rudolph Lowy to be credited last.

WHEREAS, the parties acknowledge that the first payment of $30,000 due October 1, 2010 has been paid by the Defendants and received by the Plaintiff;

NOW THEREFORE, the having parties agreed that the arbitration proceedings before the Rabbinical Court were conducted by agreement of the parties and in accordance with their Agreement, and

THEREFORE, the Rabbinical Court Award is hereby confirmed pursuant to Article 75 of the New York Civil Practice Law and Rules, and judgment is entered in conformity with the Award in favor of Plaintiff and against Defendants in accordance with the terms of the Award.

SO ORDERED:

_____
Hon. Laura Taylor Swain

Dated: October 19, 2010

**THIS DOCUMENT WAS ENTERED ON THE DOCKET ON** _____

# Exhibit A

בס"ד

# AGREEMENT TO SUBMIT TO ARBITRATION

WE the undersigned hereby agree to submit to binding arbitration all the controversies [claims and counter claims] between the undersigned parties including but not limited to the following controversy: _all disputes between the parties and including but not limited to the matter civil action no. 09 CIV 10233 in the U.S. District Court Southern District of New York._

WE further agree that the controversy be heard and determined by the three following arbitrators, Rabbi _Mendel Bistritz_ Rabbi _Aryeh Rabinowitz_ and Rabbi _Gershon Sorgel_. It is agreed that the 50% of the arbitrators' fee and/or expenses shall be paid by each party to the controversy; that the arbitrators may make their award based upon Din Torah, compromise, settlement, or any other way they wish to reach a decision; that no transcript of the proceeding need be made unless the arbitrators decides to hire a stenographer or minute taker whose cost shall be paid equally by the parties; that the arbitrators may follow any procedure as they decide; that hearings may be held on Sundays and other legal holiday; that the award of the arbitrators shall be in writing and shall be signed by a majority of the arbitrators and need not be acknowledged or notarized to be confirmed or enforced; that in the event that one arbitrator resigns or is incapacitated or can't continue for any other reason, the remaining two arbitrators may elect to continue the proceeding and they shall have the same powers and authority.

The parties understand that they have the right to be represented by attorneys and/or other advisors in the arbitration at any time, but that any party may elect to proceed without an attorney, and the parties shall have the right to argue for themselves before the arbitrators. The parties hereby waive formal notice of the time and place of the arbitration proceeding and consent that the arbitration be held and commence with the jurisdiction of the arbitrators to continue until a final award be made. The parties agree that the arbitrators shall have the right to hear testimony and evidence without the presence of a party if the party doesn't attend a scheduled hearing. In the event that after an award is made a dispute between the parties arises as to the interpretation of the award, compliance of the parties, or if a party motions for reargument due to their claim of a judicial error or new evidence etc. the parties agree that the arbitrators shall have jurisdiction on the matters to the extent permitted by law. The arbitrators need not explain to the parties or to anyone else the reason for their decision, and their decision is not open for appeal oelither in any religious court nor in any secular court.

The parties agree to faithfully abide by and perform any interim or final award or decision rendered by the arbitrators. The decree of the arbitrators shall be enforceable in the courts in the State of New York and/or New Jersey and/or in any court of competent jurisdiction for any action or proceeding to confirm. The arbitrators shall not be required to take an oath or to administer an oath to any witness or party at the hearing. The parties submit themselves to the personal jurisdiction of the courts of the State of New York and/or New Jersey and/or in any court of competent jurisdiction for any action or proceeding to confirm or enforce a decree of the arbitrators pursuant to Article 75 of the New York Civil Practice Law and Rules. The parties waive personal service process for such confirmation or enforcement proceedings. Service shall be sufficient if mailed via regular and via certified mail return receipt requested to the adverse party at the last known address.

Dated: _March 9/10_

# Exhibit B



**143 RODNEY STREET**

**BROOKLYN, N.Y. 11211**

**TEL. (718) 384-8040**

**FAX: (718) 388-3516**

## CERTIFICATE OF ACCURACY

I, Rachel Markowitz, Project Manager at Targem Translations, Inc., located at 143 Rodney Street in Brooklyn, New York, do hereby certify that our translators who are capable of professionally translating from _Hebrew_ into _English_ and vice versa, have completed the translation of the attached document from _Hebrew_ into _English_, faithfully, to the best of their knowledge and ability.

Date: 9/16/2010

Signature of Notary

Rochel Mark—
Rachel Markowitz

JOEL LANDAU
NOTARY PUBLIC, State of New York
No. 01LA6091405
Qualified in Kings County
Commission Expires 04/28/2011

**PROFESSIONAL**

**TRANSLATIONS**

**OF FOREIGN**

**LANGUAGES**



הרב מורנו בג"ד שליט"א ● הרב ארי"ח מרדכי רבינאוויטש שליט"א ● הרב גרשון נתנאלי שפיגל שליט"א

בעזהשי"ת

בדין ודברים שבא לפנינו בין הצדדים דלהלן:
צד א': ר' משה בארנעך נ"י בשמו ובשם Met Capital LLC as Member
צד ב': ר' רפאל לאווי נ"י בשמו ובשם Pop Solution LLC, Ping Mobile, Ping Media Group Inc., Regisoft Ltd.,
Regisoft Solutions, Pop Global Media, and Ping Mobile LTD.
בנידון הסו"ח והתביעות הנגדיות שביניהם והמסתעף.
אחרי שמיעת טענות הצדדים, ראיותיהם, העיון בדבריהם והחשא ומתן ביניינו יצא מלפנינו פסק דין דלהלן:

א) צד ב' חייב אישית לצד א' הקרן בסכום של $75,000.00 בלי הוספות שכר התפשרות.

ב) חברת צד ב' חייבות לצד א' הקרן בסכום של $50,000.00 עם הוספות שכר התפשרות בסכום $13,750.00 עם 10% לשנה.

ג) חברות צד ב' חייבות לצד א' סכום של $45,000.00 בעד דמי פעולה (Salary).

ד) טענת צד א' שמגיע לו shares בחחברה של צד ב' נדחית.

ה) שאר טו"ת וטענות הנגדיות נדחות או שחם תשלומים זה כנגד זה.

ו) צד א' יכול להחזיק הUCC שעשה על חיוב של סעיף א' לעיל עד שישלם צד ב' הקרן בסכום $105,000.00 מכלל חחיוב בפסק זה ואחר כן עליו להסירו.

ז) $75,000.00 שעליתם חייב צד ב' אישית (עבור סעיף א') ישולמו וינוכו בסוף תשלום כלל חחיוב בפסק זה.

ח) שני הצדדים חתמו על שטר שהתחייבות ביום May 24, '10 למספרם אודות התנהגותם זה כנגד זה, כשתהא שאלה ע"ז יחזרו הצדדים לבוד"ד.

ט) על כל מה שצד ב' נשאר חייב לצד א' יהי"ח באופן חיתר עיסקא בסך 0.6% (שש עשיריות האחוז) לחודש (not compounded) החל מ-September 1, '10.

י) זמני התשלומים: וחברות צד ב' ישלמו סכום $30,000.00 ביום October 1, '10 ומאז והלאה ישלם 16 תשלומים בסכום $10,000.00 בכל יום הראשון לחודש (חלועזי) וביראשון לחודש ה-17 יוסיף תשלומי חעיסקא בכלל בסעיף ט' על ח' balance שנשאר חייב עבור כל חודש מ-September 1, '10, בניכוי סכום $6,250.00.

יא) סמכות הב"ד תשאר בתוקף עד גמר ביצוע פסק חדין.

ועל זה באעה"ח ביום כ"א אלול תש"ע לפ"ק.

דיין  _____ שו"ט שרלי_____

דיין _____ PC phy ofos_____

דיין _____ חתימה_____


*Targem Translations*

*Translation from the H E B R E W language*

*Rabbi Mordechei Babad - Rabbi Arye Mordechei Rabinowitz - Rabbi Gershen Naftali Speigel*

### By the Grace of G-d

On the matters of dispute between the following parties:
Party A: Mr. Moshe Bodner, on his own behalf and on behalf of Met Capital LLC as Member
Party B: Mr. Rafael Lowy, on his own behalf and on behalf of Pop Solution LLC, Ping Mobile, Ping Media Group Inc., Regisoft Ltd., Regisoft Solutions, Pop Global Media, and Ping Mobile LTD.

On the matter of claims and arguments and counter claims between them, and the related.
After hearing the arguments of the parties, their evidence, analysis of their positions and deliberations among us, the following Rabbinical Court Ruling was issued by us:

1. Party B personally owes Party A the principal in the amount of $75,000.00, without adding the compromise amount.

2. The companies of Party B owe Party A the principal in the amount of $50,000.00 with the addition of the compromise amount in the sum of $13,750.00 at 10% per annum.

3. The companies of Party B owe Party A the amount of $45,000.00 in salary.

4. The claim by Party A that he deserves shares in the company of Party B, is dismissed.

5. The rest of the claims and arguments and counter claims are dismissed, or cancel out each other.

6. Party A may maintain the UCC he placed, for the liability of Sec. 1 above, until Party B pays the principal in the amount of $105,000.00 out of the liability under this ruling, and after that he should lift it.

7. The $75,000.00 which Party B owes personally (for Sec. 1) shall be paid and deducted at the end of paying the total liability under this ruling.

8. On May 24, '10, both parties signed an arbitration agreement concerning their interaction with each other; when there will arise a question in that regard, the parties should return to the Rabbinical Court.

9. All that Party B remains owing Party A, should be under *Heter Isske*[1] at 0.6% (six tenths of a percent) per month (not compounded), beginning from September 1, '10.

10. Times of the payments: the companies of Party B shall pay the amount of $30,000.00 on October 1, '10; from then and thereafter it shall pay 16 payments in the amount of

---

[1] Certain interest bearing loan, structured to allow interest under Jewish Law



$10,000.00 on every first of the calendar month; and on the first of the 17th month, it shall supplement the *Isske* payments mentioned in Sec. 9 above on the balance he owes for each month from September 1, '10, with a deduction in the amount of $6,250.00.

11. The authority of the Rabbinical Court remains in effect until the Rabbinical Court Ruling is carried out completely.

We affixed our signatures on 21 Ellul 5770 [August 31, 2010]

Says: Mordechei Babad,            Rabbinical Court Judge
Says: Arye Mordechei Rabinowitz,  Rabbinical Court Judge
Says: Gershen Naftali Speigel,    Rabbinical Court Judge



Exhibit C

|        | Payment    | Balance    | עיסקא    |
|--------|-----------|------------|----------|
| Sep-10 |           | 183,750.00 |          |
| Oct-10 | -30,000.00 | 153,750.00 | 1,102.50 |
| Nov-10 | -10,000.00 | 143,750.00 | 922.50   |
| Dec-10 | -10,000.00 | 133,750.00 | 862.50   |
| Jan-11 | -10,000.00 | 123,750.00 | 802.50   |
| Feb-11 | -10,000.00 | 113,750.00 | 742.50   |
| Mar-11 | -10,000.00 | 103,750.00 | 682.50   |
| Apr-11 | -10,000.00 | 93,750.00  | 622.50   |
| May-11 | -10,000.00 | 83,750.00  | 562.50   |
| Jun-11 | -10,000.00 | 73,750.00  | 502.50   |
| Jul-11 | -10,000.00 | 63,750.00  | 442.50   |
| Aug-11 | -10,000.00 | 53,750.00  | 382.50   |
| Sep-11 | -10,000.00 | 43,750.00  | 322.50   |
| Oct-11 | -10,000.00 | 33,750.00  | 262.50   |
| Nov-11 | -10,000.00 | 23,750.00  | 202.50   |
| Dec-11 | -10,000.00 | 13,750.00  | 142.50   |
| Jan-12 | -10,000.00 | 3,750.00   | 82.50    |
| Feb-12 | -10,000.00 | -6,250.00  | 22.50    |
|        |           | 8,662.50   | 8,662.50 |
| Mar-12 | -2,412.50 | 2,412.50   | 0.00     |
|        | Plus עיסקא for all late payments | | |